John B. Larson, Esq., State Bar No. 108813
Gloria G. Medel, Esq., State Bar No. 199462
**LARSON & GASTON, LLP**
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone (626) 795-6001
Facsimile  (626) 795-0016
Email:  john.larson@larsongaton.com
Email:  gloria.medel@larsongaston.com

Attorneys for Plaintiff,
LIVEWIRECYBER, INC., dba HS2 Academy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

COUNTY OF LOS ANGELES

| | |
|---|---|
| LIVEWIRECYBER, INC., dba, as HS2 Academy, <br><br> Plaintiff, <br><br> v. <br><br> NEAL IVAN LEE;  YOUNG SCHOLARS INSTITUTE LLC, <br><br> Defendants. | CASE NO. 2:17-cv-645 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

– 1 –

## INTRODUCTION

Plaintiff LIVEWIRECYBER, INC., for its Complaint for damages and injunctive relief against Defendants NEAL IVAN LEE and YOUNG SCHOLARS INSTITUTE LLC, state the following:

## PARTIES

1. Plaintiff LIVEWIRECYBER, INC., dba HS2 Academy (hereinafter "Plaintiff" or "HS2," is, and at all times relevant hereto, was a California Corporation, with its principal place of business in the County of Los Angeles, State of California.

2. Neal Lee, is and all times relevant hereto, was an individual residing in the County of Los Angeles, State of California. Neal Lee is a founding member of Young Scholars Institute LLC. (hereinafter "Defendant" or "YSI") Neal Lee formerly worked at HS2 and is a Manager of Defendant YSI.

3. YSI is, and at all times relevant hereto, was a California Corporation, with its principal place of business in the County of Los Angeles, State of California.

4. At all times herein mentioned, each of the Defendants was the agent, servant, employee, joint-venturer, alter ego, subsidiary and/or under the same ownership and control, of the other Defendants, and each of them,

and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

## JURISIDICTION AND VENUE

5. Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of federal and state law.  This Court has jurisdiction under 28 U.S.C. § 1331 and U.S.C. § 1338(a), based upon the Defendants' violations of 17 U.S.C § 101, *et seq*.; 18 U.S.C. § 2701 *et seq*. the Stored Wire and Communications Privacy Act; 18 U.S.C. § 2510 *et seq*., the Wire and Electronics Interception Act; Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968, specifically 18 U.S.C. § 2510 *et. seq*., § 17 U.S.C. 101 et seq. Copyright Infringement; and 18 U.S.C. § 1836 et seq. – Defend Trade Secrets Act.

6. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiff and their intellectual property within the State of California in this judicial district.

7. This Court has pendant jurisdiction of the related state law claims asserted in this Complaint pursuant to 28 U.S.C. §1367, because they arise from a

– 3 –

nucleus of operative facts common to the causes of action arising under Counts One, Two, Four and Eight, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

8. Venue in this district is proper pursuant to 28 U.S.C § 1391(b), since some, or all, of the conduct which is the subject of this Complaint occurred in Los Angeles County, State of California.

## **COMMON ALLEGATIONS**

9. Plaintiff is a successful California based, private educational consulting business that provides college counseling, standardized test preparation, and academic assistance for thousands of students world-wide. Plaintiff has ten (10) locations throughout California. Plaintiff is one of the largest counseling firms in the United States.

10. Plaintiff's college counseling and preparation program involves a very complex system/program uniquely created by Plaintiff for its sole use in its educational consulting business (hereinafter "HS2 Academy Program"). The proprietary program has been hugely successful in helping students with their admissions program into the top colleges and universities in the nation. The key to Plaintiff's success lies in its unique HS2 Academy Program and its approach to meeting the needs of its clients. Plaintiff

– 4 –

HS2's Academy Program is the subject of Copyright Application No. 1-4329666791.

11. To maintain its position as a leader in this competitive industry, Plaintiff places a premium on the work ethic of its employees and in maintaining strict confidentiality over the company's proprietary insights, methods, practices, intellectual property and other confidential information. To ensure the highest level of protection for its confidential information, Plaintiff requires its employees to execute detailed agreements protecting such proprietary information, and HS2 is vigorous in its enforcement of those contractual requirements.

12. In 2007, Plaintiff employed Defendant Neal Ivan Lee (hereinafter "Defendant Lee") as an instructor in two of Plaintiff's Southern California locations. During his years of employment with Plaintiff, Defendant Lee obtained detailed knowledge of Plaintiff's business model, its organizational methods and of the HS2 Academy Program.

13. In April 2015, while still employed by Plaintiff, Defendant Lee started his own competing business named Ahead Academy LLC ("AA LLC") Indeed, on April 11, 2015, during the course of Defendants' regular workday at HS2, Defendant was also having a "grand opening" for AA LLC. Defendant Lee set up his competing business (AA LLC) in close

– 5 –

physical proximity to Plaintiff's location and utilized the same business model, set up and program as Plaintiff's business.  Plaintiff became aware and attended the AA LLC opening confirming that Defendant Lee had started the competing business and taken at least one employee from Plaintiff's business.  Defendant Lee was immediately terminated.  Upon termination Defendant Lee voluntarily signed a Separation Acknowledgement confirming that he was privy to proprietary information during his employment with HS2 and that he would not disclose or use this proprietary information and/or would not compete with HS2.

14. In order to further prevent Defendant Lee's unauthorized use of HS2's proprietary business model, set up and program and the unauthorized use of HS2's intellectual property, Plaintiff sent Defendant Lee two cease and desist letters dated April 15 and April 18, 2015.  Shortly thereafter, Defendant Lee ceased conducting business as AA LLC.

15. Less than one month later on May 11, 2015, Defendant Lee, together with Steve Park and Connor Barry formed a company called Young Scholars Institute LLC ("YSI").  Steve Park is as an Officer and Connor Barry is a Manager of YSI.  Defendant Lee unlawfully misappropriated, used and continues to use HS2's confidential and proprietary information and

– 6 –

intellectual property including but not limited to HS2's business model, program and intellectual property to establish and run YSI.   YSI is currently engaged in the unauthorized use of HS2's proprietary intellectual property.

16. In plain violation of HS2's stringent confidentiality protections, the acts of Defendants in this case clearly demonstrate a carefully orchestrated plan and conspiracy to abscond with HS2's proprietary and confidential information regarding the intricacies of HS2's business model and intellectual property. The stolen information, plus the proprietary information to which Defendant Lee was exposed to during his employment at HS2, is the epitome of protected trade secrets under Federal and California law.

17. After YSI began its operations, Plaintiff discovered that, in violation of Federal and California law, Defendant YSI illegally and intentionally accessed Plaintiff's electronic mail (e-mail) account to interfere in HS2's current and prospective business.

18. Defendant YSI, at all times mentioned herein, intercepted and continues to intercept e-mails from current and prospective clients of HS2 and intentionally and affirmatively seek to divert said clients from HS2 to YSI.  Plaintiff became aware that when current and/or prospective clients

of HS2 would send communications to HS2, the e-mail would be intercepted by Defendants.  Immediately after an e-mail was sent to or from HS2 the current or prospective client would receive an e-mail from YSI attempting to solicit the client with advertising.  Plaintiff became aware of Defendants' illegal and unauthorized interception of Plaintiff's e-mail account when existing and prospective clients began advising HS2 of the unsolicited e-mails and advertising being sent to them by YSI.

19. In order to investigate these claims, Plaintiff HS2 created several temporary e-mail accounts unrelated to HS2's e-mail address.  Utilizing these e-mail accounts, e-mails were sent to HS2, inquiring about HS2's services.  Immediately and/or shortly thereafter, these temporary e-mail accounts would receive an unsolicited e-mail from YSI advertising its business.  For example:

   a. On September 21, 2016, HS2 created the temporary e-mail address alyssa_phong@hotmail.com and sent an e-mail from alyssa_phong@hotmail.com to HS2 inquiring regarding its services.  Within twenty-four (24) hours, YSI sent an unsolicited an e-mail to alyssa_phong@hotmail.com advertising its business.

   b. On January 15th, 2016, HS2 created the temporary e-mail address jorgejl8899@hotmail.com and sent an e-mail from

– 8 –

jorgejl8899@hotmail.com to HS2 inquiring regarding its services. On February 8, 2016, YSI sent an unsolicited e-mail to jorgejl8899@hotmail.com advertising its business.

c. On January 11, 2016, HS2 registered two new clients. During the registration process and while at one of HS2's southern California locations, HS2 personnel created a new e-mail account for one of the registering students - (1119569892@qq.com). A test e-mail was sent by the HS2 employee to the e-mail address of both registering students including the newly created e-mail address (1119569892@qq.com). Within one hour after the test e-mails were sent, both students and their parents received unsolicited e-mails from YSI advertising its business and its prices. The students complained to HS2 and asked for a price match or refund.

d. In September 2015, a student registered with HS2, and shortly after registering received an unsolicited e-mail from YSI. The student complained that HS2 had released his e-mail information to YSI. The student cancelled his registration with HS2.

e. Current students are being sent unsolicited advertisements from YSI. YSI obtained the e-mail addresses of current students by and through its unauthorized invasion of HS2's e-mail communications.

– 9 –

20. Defendants' intercepted e-mails sent by HS2 used information contained therein to send unsolicited e-mails job solicitations for YSI.

    a. On September 21 2016, HS2 created the temporary e-mail address kanderson0314@hotmail.com.  Thereafter, an e-mail communication was sent by HS2 to kanderson0314@hotmail.com regarding potential employment opportunities at HS2.   The next day, on September 22, 2016, YSI sent an unsolicited e-mail to jkanderson0314@hotmail.com regarding employment opportunities at YSI.

    b. On September 21, 2016, HS2 created the temporary e-mail address kwong0619@outlook.com.   Thereafter, e-mail communication was sent by HS2 to kwong0619@outlook.com regarding potential employment opportunities at HS2.   The next day, on September 21, 2016, YSI sent an unsolicited e-mail to kwong0619@outlook.com regarding employment opportunities at YSI.

    c. On September 21, 2016, HS2 created the temporary e-mail address amy.tong5433@gmail.com.   Thereafter, e-mail communication was sent by HS2 to amy.tong5433@gmail.com regarding potential employment opportunities.   The next day, on September 21, 2016,

– 10 –

YSI sent an unsolicited e-mail to kwong0619@outlook.com regarding employment opportunities at YSI.

21. HS2 has become aware that YSI is defaming HS2's service to current or prospective students.  YSI obtained the e-mail addresses of current and prospective students by and through its unauthorized invasion of HS2's e-mail communications.

22. YSI invaded and intercepted the e-mail communications described above, without the knowledge or consent of Plaintiff, and in violation of federal and state law.

## CAUSES OF ACTION

**COUNT ONE (Violation of 18 U.S.C. § 2511 – "The Wiretap Act")**

**Against Defendants LEE and YSI**

23. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

24. At all times relevant times herein, The Electronic Communications Privacy Act, 18 U.S.C. § 2511, prohibited the intentional interception, disclosure, or use of the contents of any electronic communications between two parties without the consent of one or both of the parties to the communication.

– 11 –

25. Defendants intentionally intercepted Plaintiff's electronic communications, i.e. e-mail, without Plaintiff's consent thereby violating 18 U.S.C. § 2511(1)(a).

26. Defendants intentionally disclosed or endeavored to disclose Plaintiff's electronic communications without Plaintiff's knowledge or consent, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(c).

27. Defendants intentionally used, or endeavored to use, the contents of Plaintiff's electronic communications without Plaintiff's knowledge or consent, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(d).

28. Pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to relief for the Defendants' violations of 18 U.S.C. § 2511(1)(a),(c) and (d).

**COUNT TWO (Violation of 18 U.S.C. § 2701 – Stored**

**Communications Act)**

**Against Defendant Lee and YSI**

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

– 12 –

30. At all relevant times herein, The Stored Communications Act, 18 U.S.C. § 2701(a) prohibited the intentional unauthorized access of a facility through which an electronic communication service is provided whereby an individual obtains access to an electronic communication which is in electronic storage in such system.

31. As set forth in paragraphs 17-21, Defendants violated 18 U.S.C. § 2701(a) by intentionally and without Plaintiff's knowledge, consent or authorization repeatedly accessed electronic communications while said electronic communications were in electronic storage.

32. Pursuant to 18 U.S.C. § 2707, Plaintiff is entitled to relief for the Defendants' violations of 18 U.S.C. § 2701(a).

**COUNT THREE (Violation of California Penal Code § 502 –**

**California Comprehensive Computer Data Access and Fraud Act.)**

**Against Defendants Lee and YSI**

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34. Defendants knowingly accessed and without permission took, copied, and/or used data from HS2's computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(2)

– 13 –

35. Defendants knowingly accessed and without permission use or caused to be used HS2's computers, computer systems and/or computer network in violation of California Penal Code § 502(c)(3)

36. Defendants knowingly and without permission accessed and accessed or caused to be accessed HS2's computer, computer systems and/or computer network in violation of California Penal Code § 502, identified above.

37. Defendants' conduct also caused irreparable and incalculable harm and injuries to HS2 (including but not limited to HS2'a reputation and goodwill), and, unless enjoined, will cause further irreparable and incalculable injury, for which HS2 has no adequate remedy at law.

38. Defendants willfully violated California Penal Code § 502 in disregard and derogation of HS2's rights, and the rights of HS2's clients, and Defendants' actions as alleged above were carried out with oppression, fraud and malice.

39. Pursuant to California Penal Code § 502(e), HS2 is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

///

///

– 14 –

**COUNT FOUR (Copyright Infringement § 17 U.S.C. 101 et seq. –**

**Direct, Vicarious and Contributory)**

**Against Defendant Lee and Defendant YSI**

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. Plaintiff's HS2 Academy Program is the subject of Copyright application No. 1-4329666791.

42. Defendants had access to Plaintiff's proprietary data including but not limited to Plaintiff's HS2 Academy Program.

43. Defendants have copied and/or created derivative works from Plaintiff's HS2 Academy Program and/or portions thereof, and continue to do so.

44. The copies and/or derivative works created by Defendants are unauthorized.

45. At all times relevant, Defendants obtained direct financial benefit from the infringement and had the right and ability to control the infringing conduct, and/or intentionally induced, encourages, caused or materially contributed to the infringement.

46. The foregoing acts of Defendants constitute direct infringement, vicarious infringement, and/or contributory infringement of HS2's exclusive rights in its copyrighted works under 17 U.S.C. §106.

– 15 –

47. Upon information and belief, Defendants' actions were and are intentional, willful, wanton and performed in disregard of HS2's rights.

48. Plaintiff has been and will continue to be damaged, and Plaintiff has been unjustly enriched by Defendants' unlawful infringement.

49. Defendants conduct also has caused irreparable and incalculable harm and injuries to HS2, and, unless enjoined, will cause further irreparable and incalculable injury, for which HS2 has not adequate remedy at law.

50. Plaintiff is entitled to the relief provided by 17 U.S.C. §§ 502-505 including but not limited to, injunctive relief, an order for the impounding and destruction of all Defendants' infringing copies and/or derivative works, compensatory damage (including but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and HS2's costs and attorneys' fees in amount to be determined at trial.

**COUNT FIVE (California Business and Professions Code § 17200**

**et seq. – Unlawful, Unfair and Fraudulent Competition)**

**Against Defendant Lee and Defendant YSI**

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

– 16 –

52. The acts and conduct of Defendants as alleged above in this Complaint constitute unlawful, unfair and/or fraudulent business acts or practices as defined by Cal. Bus. & Prof. Code § 17200 et seq.

53. Defendants' acts of unlawful, unfair and fraudulent competition have caused harm to competition, to consumers and to its competitors. Defendants' acts of unlawful, unfair and fraudulent competition have proximately caused HS2 to suffer injury in fact and loss of money and/or property (including as a result of expenses that HS2 has incurred and continues to incur, in its efforts to prevent and deter Defendants from engaging in unlawful conduct) in an amount to be proven at trial. Defendants' acts of unlawful, unfair and fraudulent competition also have caused irreparable and incalculable injury to HS2, and, unless enjoined could cause further irreparable and incalculable injury, whereby HS2 has not adequate remedy at law.

**COUNT SIX (Intentional and Negligent Interference with**

**Prospective Economic Advantage)**

**Against Defendants LEE and YSI**

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

– 17 –

55. HS2 had a reasonable probability of a prospective economic relationship with consumers of college counseling, standardized test preparation, and academic assistance and/or a reasonable probability of a continuing economic relationship with its existing clients.

56. Defendants knew or should have known of these prospective and ongoing economic relationships, and intentionally, knowingly and wrongfully and/or negligently induced and proximately caused disruptions of those relationships. Defendants' activities were independently wrongful and caused damage and injury to HS2, including lost opportunities for economic relationships and erosion of economic relationships.

57. As a result of Defendants activities, HS2 has been damaged in an amount to be proven at trial.

58. Defendants' acts described above were performed with oppression, fraud and malice. Accordingly, HS2 is entitled to punitive damages under California Civil Code §3294, in an amount to be proven at trial.

**COUNT SEVEN (Trespass to Chattels)**

**Against Defendants Lee and YSI**

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. At all relevant times herein, Plaintiff held a possessory interest in its e-mail communications the intrinsic value of which was based in part upon the confidential and private nature of the communications.

61. Through its actions, Defendants intentionally intermeddled with Plaintiff's possessory interest in its e-mail communications.

62. By intermeddling with Plaintiff's e-mail communications, Defendants dispossessed Plaintiff of the confidential and private aspects of said communications and used the information contained therein for its commercial gain, thereby impairing the condition, quality and value of Plaintiff's property.

63. By reason of said trespass, Defendants conducted themselves in a manner that was malicious, oppressive, outrageous, willful, wanton, reckless and abusive so as to entitled Plaintiff to compensatory and punitive damages.

**COUNT EIGHT (Violation of 18 U.S.C. § 1836 et seq. – Defend**

**Trade Secrets Act ("DTSA") of 2016)**

**Against Defendant Lee**

64. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

65. Defendant knowingly accessed and without permission stole, took, carried away or used HS2 trade secrets including but not limited to HS2's

business model, and HS2' Academy Program in violation of California Penal Code § 499(c).   At all times mentioned herein, Defendant was aware that Plaintiff took extraordinary steps to ensure the confidentiality of its trade secrets.

66. Defendant obtained access to HS2's business model and HS2's Academy Program through a relationship of trust and confidence and, without authority and in breach of the obligations created by that relationship made or caused to be made a copy of to HS2's business model, and HS2 Academy.

67. Defendant knowingly and intentionally intended to appropriate HS2's trade secrets from HS2.

68. Defendant's conduct also caused irreparable and incalculable harm and injuries to HS2 (including but not limited to HS2's reputation and goodwill), and, unless enjoined, will cause further irreparable and incalculable injury, for which HS2 has no adequate remedy at law.

69. Defendant willfully violated 18 U.S.C. § 1836 in disregard and derogation of HS2's rights, Defendant's actions as alleged above were carried out with oppression, fraud and malice.

70. HS2 is entitled to injunctive relief, compensatory damages, punitive or exemplary damages, attorneys' fees, costs and other equitable relief.

**COUNT NINE (Temporary and Permanent Injunctive relief Pursuant**

**to 18 U.S.C. §2520(b),18 U.S.C. §2707(b), Cal. Code Civ. Proc. §525)**

**As against all Defendants**

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

72. As direct and proximate result of Defendants conduct as described herein, Plaintiff has suffered irreparable harm through the loss of its confidential and private e-mail communications.  Given that Defendants are currently engaged in the exact same business as Plaintiff, the Defendants misappropriation, possession and continued use and disclosure of the confidential information gained in violation of state and federal law poses a substantial risk of irreparable harm.  The total loss to Plaintiff in economic terms cannot be accurately measured at this time.

73. Plaintiff has a substantial likelihood of success on the merits of its claims. In addition, the magnitude of the injury being suffered due to Defendants' unlawful conduct heavily outweighs whatever hardship Defendants' could allege or prove from being restrained as requested.

74. The granting of the injunctive relief requested herein will not adversely affect any public policy or public interest.

75. Injunctive relief, as an equitable remedy, is authorized by 18 U.S.C. §2520(b) and 18 U.S.C. §2707(b), and as such Plaintiff need not demonstrate an irreparable injury or inadequacy of other remedies, but merely show a *prima facie* case of illegality and that an injunction would fulfil the legislative purpose of the statute. A temporary restraining order and preliminary injunction will fulfill the purposes of these statutes.

76. At this point, Plaintiff has no adequate remedy at law and is suffering immediate, imminent, and irreparable harm. Should Defendants' actions in using and disclosing the communications and information illegally obtained continue unabated, they will continue to harm Plaintiff's ability to conduct its business.

77. Further, a substantial risk exists that in the absence of an appropriate order directing Defendants to preserve material evidence, Defendants will destroy or conceal evidence supporting the claims articulated in this Complaint. Specific items at risk of spoliation include, but are not limited to: digital storage devices, computer hard drives, files stored on-line, stored e-mail communications, downloaded e-mail communications and any attachments thereto; correspondence or memoranda summarizing the contents of Plaintiff's e-mail communication. Given that much of the evidence at issue is likely to be in digital format, the risk of loss through

– 22 –

inadvertence, accident, or deliberate action is heightened.  In the event that such evidence is lost, mishandled or destroyed, Plaintiff's ability to establish its claims and damages will be threatened with irreparable harm.

78. There is reason to believe that in the absence of an immediate restraining order restraining the destruction or manipulation of material evidence, such items will be destroyed or concealed.

79. Issuance of a temporary restraining order requiring Defendants to preserve all material evidence in their possession, custody or control would aid in fulfilling the remedial purposes articulated in 18 U.S.C. §2520© and 18 U.S.C. §2707(c).

80. Plaintiff has not provided notice to Defendants of this action or the relief sought herein on the grounds that to do so would accelerate the risk of destruction of evidence which Plaintiff is seeking to prevent.  As to the requirement of a bond, the Court should set a minimum bond amount of no more than $100.00 on the grounds that the relief being sought will not cause damage to Defendants in that Defendants have no legal right to possess, disclose or use Plaintiff's e-mail or any derivative materials.

81. Accordingly, Plaintiff requests a temporary restraining order and permanent injunctions against Defendants Lee and YSI, their agents,

– 23 –

servants, employees and those persons in active concert or participation with them, from:

   a.  Deleting, altering, destroying or removing any e-mails or electronic communications directly or indirectly originating from Plaintiff's e-mail accounts info@hs2academy.com and hs2academy.com ;

   b.  Deleting, altering, destroying or removing any e-mails or electronic communications directly or indirectly originating from Defendants' e-mail account YSI@gmail.com;

   c.  Deleting, altering, destroying or removing any hard copy of any e-mails or electronic communications or attachments thereto which directly or indirectly originated from Plaintiff's e-mail accounts info@hs2academy.com and hs2academy.com;

   d.  Deleting, altering, destroying or removing any hard copy of any e-mails or electronic communications or attachments thereto which directly or indirectly originated from Defendants' e-mail account YSI@gmail.com;

   e.  Deleting, altering, destroying or removing any summary of any e-mails or electronic communications or attachments thereto which directly or indirectly originated from Plaintiff's e-mail accounts info@hs2academy.com and hs2academy.com;

– 24 –

f. Deleting, altering, destroying or removing any summary of any e-mails or electronic communications or attachments thereto which directly or indirectly originated from Defendants' e-mail account YSI@gmail.com

g. Directly or indirectly using or disclosing any information contained within any of Plaintiff's e-mail or documents attached to any such e-mail that Defendants may have intercepted.

82. Plaintiff further requests that the Court enter Temporary Restraining Orders requiring:

a. Defendants Lee and YSI and their agents, servants, employees and those persons in active concert or participation to preserve any and all evidence of any intercepted e-mails from Plaintiff;

b. Defendants Lee and YSI and their agents, servants, employees and those persons in active concert or participation to preserve any and all evidence of any disclosure or dissemination of Plaintiff's e-mail communications or any information contained therein;

c. Defendants Lee and YSI and their agents, servants, employees and those persons in active concert or participation to preserve any and all portable or fixed electronic storage devices including but not limited to, hard drives, floppy disks, on-line storage, thumb or zip drives,

– 25 –

compact disks or flash drives containing e-mails directly or indirectly originating from or sent to Plaintiff's e-mail account or any e-mail account utilized by either Defendants;

d. That pending further order of this Court, all items and materials covered by this order shall be preserved in such a manner as to maintain the integrity of the data, including all associated meta-data existing as of the date of this order;

e. That the Court, pursuant to Fed. R. Civ. P. 53, appoint a Special Master with training and knowledge in computer forensics to examine all electronic storage devices and media in the possession, custody or control of Defendants, to the extent that such items were used to store data related to any interception of Plaintiff's e-mail at any time prior to the date of service of this Order, for the purpose of identifying any e-mails or data material to this action, and to perform any other function or duty ordered by the Court.  Plaintiff will incur the expenses to have each such item imaged for the purpose of preserving, cataloging and subject to further order, locating evidence.

83. The Temporary Restraining Order, as requested above, is warranted in that it would be of assistance in preserving the status quo.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.   For injunctive relief as follows:  A temporary and permanent injunction enjoining and restraining Defendants and all persons or entities acting in concert during the pendency of this action perpetually from:

   1.  Accessing or attempting to access HS2's website, computer systems and e-mail communications;

   2.  Initiating unsolicited commercial electronic mail to HS2 clients and employees;

   3.  Electronic monitoring, surveillance or wiretapping of Plaintiff.

B.   An award to HS2 of damages, including but not limited to compensatory, statutory and punitive damages, as permitted by law and in such amounts to be proven at trial;

C.   A temporary and permanent injunction enjoining and restraining Defendants and all persons or entities acting in concert during the pendency of this action to preserve all documentary and physical evidence in their care, custody or control, including all electronic devices that may contain evidence of Plaintiff's electronic communications.

D.   An award to HS2 for reasonable costs, including attorneys' fees.

– 27 –

1

E.   For pre and post-judgment interest as allow by law.

2

3

F.   For such other relief as the Court may deem just and proper.

4

Dated:  January 26, 2017                    By:   ___/S/_____

5

John B. Larson, Esq.,

6

Gloria G. Medel, Esq.,

7

Attorneys for Plaintiff,

8

LIVEWIRECYBER, INC., dba

HS2 Academy

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 28 –

## **JURY DEMAND**

84. Pursuant to the seventh Amendment of the Constitution of the United

States if America, Plaintiff is entitled to, and demands, a trial by jury.


Dated:  January 26, 2017              By:    __/S/_____

John B. Larson, Esq.,
Gloria G. Medel, Esq.,
Attorneys for Plaintiff,
LIVEWIRECYBER, INC., dba
HS2 Academy

4689  **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28