John B. Larson, Esq., State Bar No. 108813
**LARSON & GASTON, LLP**
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone (626) 795-6001
Facsimile  (626) 795-0016
john.larson@larsongaton.com

Attorneys for Plaintiff,
LIVEWIRECYBER, INC., dba HS2 Academy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIVEWIRECYBER, INC., dba, as HS2 Academy,<br><br>    Plaintiff,<br><br>    v.<br><br>NEAL IVAN LEE; YOUNG SCHOLARS INSTITUTE LLC; STEVE SEUNG MOKE PARK,<br><br>    Defendants. | CASE NO. 2:17–cv–00645–AB–ASx<br>Honorable André Birotte Jr.<br>Courtroom 7B<br><br>**MEMORANDUM OF CONTENTINONS OF FACT AND LAW**<br><br>TAC Filed:       07/31/2018<br>Trial Date:     09/25/2018 |

# INTRODUCTION

Plaintiff LIVEWIRECYBER, INC., files it's Memorandum of Contentions of Fact and Law.

L.R. 16-4.1

# CLAIMS AND DEFENSES

## Claim 1 – Violation of 18 U.S.C. § 2511 – "The Wiretap Act"
## Against all Defendants

**Facts:**

Defendants intercepted Plaintiff's electronic communications, specifically email communications without Plaintiff's consent.  Additionally, Defendants accessed Plaintiff's electronically stored communications to gain contact access to prospective students.

Defendants utilized this information to contact and solicit Plaintiff's current and prospective customers. Resulting in substantial damage to plaintiff's business.

**Law:**

Plaintiff is entitled to relief for the violations pursuant to 18 U.S.C. §2520 and 18 U.S.C. §2511.

## Claim 2 –- Violation of 18 U.S.C. § 2701 – Stored Communications Act
## Against all Defendants

**Facts:**

Defendants repeatedly accessed Plaintiff's electronic communications and other proprietary electronic data pertaining to Plaintiff's customers and prospective customers.

**Law:**

Plaintiff is entitled to relief under 18 U.S.C. §2707 for violations of 18 U.S.C. §§ 2701(a).

## Claim 3 – Violation of California Penal Code § 502 – California Comprehensive Computer Data Access and Fraud Act
## Against all Defendants

**Facts:**

Defendants knowingly accessed and without permission, took, copied and used data from Plaintiff's computers, computer systems and computer network in violation of California Penal Code §502(c)(2). Defendants' actions were willful and carried out with oppression, fraud and malice entitling Plaintiff to injunctive relief, compensatory damages according to proof, punitive damages, attorneys fees and costs.

**Law:**

Defendants' conduct constitute a violation of Penal Code §502, et seq.

## Claim 4 – Copyright Infringement §17 U.S.C. 101 et seq. – Direct, Vicarious and Contributory
## Against all Defendants

**Facts:**

Plaintiff's "Academy program" is subject to copyright application No. 1-432966791 as well as common law copyright protection. Defendant Lee had access to this proprietary data and copied the Academy program and its derivative works without permission or authorization.

**Law:**

Defendants foregoing acts constitute direct infringement and vicarious infringement to the copyrighted works pursuant to 17 U.S.C. §106. Plaintiff is entitled to relief pursuant to 17 U.S.C. §§502-505. The relief includes injunctive relief, an order impounding and destructing all of Defendants infringing copies and derivative works, compensatory damages, including but not limited to actual damages and Defendants profits, statutory damages and punitive damages as well

as attorneys' fees and costs in an amount to be determined at trial.

## Claim 5 – California Business and Professions Code §17200 et seq. – Unlawful, Unfair and Fraudulent Competition)
## Against all Defendants

**Facts:**

Defendants intentionally disclosed and endeavored to disclose Plaintiff's electronic communications and related internal computer electronic data without Plaintiff's knowledge by reason of interception of wire, oral and electronic communications. Defendants then intentionally used the contents of the communications, without Plaintiff's consent to interfere with Plaintiff's business and its relationship with its customers and prospective customers.

The acts of the Defendants constitute unlawful, unfair and fraudulent business practices.  These unlawful practices have caused harm to competition, to consumers and to Plaintiff.

**Law:**

Defendants actions have violated California Business and Professions Code §17200 et seq. and entitle Plaintiff's to monetary damages and injunctive relief according to proof and injunctive relief.

## Claim 6 – Intentional Interference with Prospective Economic Advantage
## Against all Defendants

**Facts:**

Defendants intentionally used the contents of Plaintiff's electronic communications and electronically stored data without Plaintiff's knowledge or consent to contact Plaintiff's present and prospective customers with whom he had had an economic relationship as consumers of college counseling, standardized test preparation, and academic assistance for the purpose of inducing

and causing disruption of Plaintiff's ongoing economic relationships. Plaintiff is entitled to damages an amount proven at trial as well as punitive damages.

**Law:**

*Roy Allan Slury Seal, Inc.v. American Asphalt South, Inc. (2017) 2 Cal.5th 505;Korea Supply Co., v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134.*

CACI 2202

## Claim 7 – Negligent Interference with Prospective Economic Advantage Against all Defendants

**Facts:**

Defendants disclosed or endeavored to disclose Plaintiff's electronic communications without Plaintiff's knowledge or consent while having reason to know that the information was obtained through the interception of wire, oral and electronic transmission. Plaintiff had a reasonable probability of a prospective economic relationships with consumers of college counseling, standardized test preparation, and academic assistance and a reasonable probability of a continued economic relationships with its existing clients. Defendants knew or should have known of these prospective ongoing economic relationships and negligently induced and proximate cause disruption of these economic relationships.

**Law:**

*J'Aire Corp. v. Gregory (1979) 24 Cal. 799; Venhaus v. Shultz (2007) 155 Cal.App.4th 1072*;

CACI 2204

///
///
///
///
///

## Claim 8 – Trespass to Chattels
## Against all Defendants

**Facts:**

Plaintiff held a possessory interest in its email communications and electronically stored data and was based in part on confidential and private nature. Through its actions Defendants intentionally interfered and intermeddled with Plaintiff's possessory interests in its e-mail communications and related electronically stored data and disposed Plaintiff of the communications and used the confidential information for Defendants own commercial gain, impairing the condition, quality and value of Plaintiff's property. Thus Resulting in damage to Plaintiff entitling Plaintiff to compensatory damages and punitive damages.

**Law:**

CACI 2101

## Claim 9 – Violation of 18 U.S.C. § 1836 et seq. – Defend Trade Secrets Act ("DTSA") of 2016)
## Against Defendants LEE and PARK

**Facts:**

Defendant Lee knowingly accessed, and without permission, stole, took, carried away and used Plaintiff's trade secrets including but not limited to Plaintiff's business model, Plaintiff's Academy program and other related trade secrets. Defendant Lee was aware Plaintiff took extraordinary steps to ensure the confidentiality of its trade secrets. As a result of Defendant Lee's relationship of trust and confidence when employed by Plaintiff, breached the relationship of trust and confidence in cause copies to be made of the business model and related materials. He then appropriated the trade secrets and with the aid of Lee and YSI unfairly compete against Plaintiff using Plaintiff's own trade secrets.

///

**Law:**

  18 U.S.C. §1836.

### Claim 10 – Temporary and Permanent Injunctive relief Pursuant to 18 U.S.C. §2520(b), 18 U.S.C. §2707(b), and Cal. Code Civ. Proc. §525)
### As against all Defendants

**Facts:**

  As a direct result of Defendants' contact, Plaintiff has suffered irreparable harm, the loss of its confidential and private email communications and other related internal computer electronic data. Defendants continued to engage in the exact same business as Plaintiff and the dis-appropriation and possession as well as continued use of the confidential information gained in violation of the law poses a substantial risk of irreparable harm. The total loss to Plaintiff in economic terms cannot be fully ascertained. Consequently, Plaintiff is entitled to injunctive relief; in particular, in order from this court enjoining Defendants from their continued use of Plaintiff's property and trade secrets as well as copyrighted materials.

**Law:**

  18 U.S.C. §2520(b), 18 U.S.C. §2707(b), Cal. Code Civ. Proc. §525.

### Claim 11 – Violation of Cal. Civ. Code §3426.1 et seq. – California Uniform Trade Secrets Act ("UTSA")
### Against all Defendants

**Facts:**

  Defendants knowingly accessed and without permission stole, took, carried away or used HS2 trade secrets including but not limited to HS2's business model, and HS2's Academy Program in violation of California Uniform Trade Secrets Act§3426.1 et seq. At all times mentioned herein, Defendants were aware that

Plaintiff took extraordinary steps to ensure the confidentiality of its trade secrets.

Defendant Lee gained access to this information through a relationship of trust and confidence; however, breached the obligations created by the relationship and copied Plaintiff's business model and Plaintiffs Academy Program. Defendants violated California uniform trade secrets act and did so with oppression, fraud and malice. Plaintiff is entitled to injunctive relief, compensatory and punitive damages as well as attorneys' fees and costs.

**Law:**

CACI 4400 et seq.

**L.R. 16-4.4 Jury Trial**.

Plaintiff is entitled to a jury trial on all causes, except injunctive relief.

**L.R. 16-5. Attorney Fees**

Plaintiff is entitled to attorney fees on Claim numbers: 3,4,5,9 and 11.

**L.R. 16-4.6 Abandonment of Issues**

Plaintiff has not abandoned any pled claims.

Dated: August 17, 2018

Respectfully submitted,
LARSON & GASTON, LLP

By: __/S/_____
John B. Larson, Esq.,
Attorneys for Plaintiff,
LIVEWIRECYBER, INC. dba
HS2 ACADEMY

LIVEWIRECYBER, Inc., DBA, as HS2 Academy vs. Neal Ivan Lee, et al
United States District Court, Central District of California
Case No.: 2:17–cv–00645–AB–ASx

# CERTIFICATE OF SERVICE

I, Nicole Padget, declare as follows:

I am over the age of eighteen years and not a party to the case. I am employed in the County of Los Angeles, California. My business address is: 200 S. Los Robles Avenue, Suite 530, Pasadena, CA 91101.

On the date below I electronically filed with the Court through its CM/ECF program and served through the same program the following document(s): **MEMORANDUM OF CONTENTINONS OF FACT AND LAW**

On the interested parties in said case addressed as follows:
**Alec J. Baghdassarian, Esq.**
**LAW OFFICES OF ALEC J. BAGHDASSARIAN**
**117 E. Colorado Blvd., Suite 465**
**Pasadena, CA 91105**
**T. (626) 204-0882**
**F. (626) 204-1401**
**Defendants, NEAL IVAN LEE, STEVE SEUNG MOKE PARK and YOUNG SCHOLARS INSTITUTE LLC**

[ ]   (BY E-MAIL)   I caused such document(s) to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

[X]   (ELECTRONICALLY) Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who are registered with the Court's CM/ECF system.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty under perjury under the laws of the State of California that the foregoing is true and correct.

 Executed on August 17, 2018, at Pasadena, California.

*Nicole Padget*
_____
Nicole Padget