# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVEWIRECYBER, INC. dba HS2 ACADEMY,<br><br>Plaintiff(s),<br><br>v.<br><br>NEAL IVAN LEE; YOUNG SCHOLARS INSTITUTE LLC; STEVE SEUNG MOKE PARK,<br><br>Defendant(s). | Case No. 2:17−cv−00645−AB−ASx<br>Honorable André Birotte Jr.<br>Courtroom 7B<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

On December 27, 2019, the Court entered terminating sanctions of the action in favor of Plaintiff Livewirecyber, Inc., dba HS2 Academy ("HS2"), and against Defendants Neal Ivan Lee, Young Scholars Institute LLC, and Steve Seung Moke Park (collectively, "Defendants"). (Dkt. No. 172.) As part of the Order, the Court struck Defendants' answer to HS2's Third Amended Complaint ("TAC"), and granted HS2's request for default judgment "against Defendants, jointly and severally, in the amount of damages and attorneys' fees and costs established through the 'prove up' hearing." (Dkt. No. 172, p. 7.) The Court also granted "HS2's request for attorney fees and costs incurred in connection with this action." (Dkt. No. 172, p. 7.) The court clerk subsequently entered default on each of the Defendants. (Dkt. No. 173.)

HS2 has since submitted an Application to Set the Terms of the Default Judgment (the "Application"). After considering HS2's Application and the record in this case, this Court hereby Orders as follows:

## ORDER

Judgment is hereby entered in favor of HS2 and against Defendants as follows:

(1) Defendants, jointly and severally, shall pay compensatory damages to HS2 in the amount of $2,625,348.00;

(2) Defendants, jointly and severally, shall pay punitive damages to HS2 in the amount of $2,625,348.00

(3) Defendants, jointly and severally, shall pay the reasonable attorney fees and costs incurred by HS2 in the amount of $327,150.00; and

(4) Defendants shall pay post-judgment interest to HS2, accruing from the date of issuance of this order at the legal rate of ten percent (10%) per annum on the sums set forth above until paid in full.

## PERMANENT INJUNCTION

It is also hereby determined that HS2 is entitled to injunctive relief. Therefore, it is **HEREBY ORDERED** that Defendants, their agents, servants, employees, officers, directors and all persons acting under, in concert with or for them, shall be enjoined from:

(1) Accessing (or attempting to access) HS2's website, computer system, or emails;

(2) Electronically monitoring or surveying HS2 in any way;

(3) Sending unsolicited emails to HS2's clients;

(4) Deleting any emails, attachments or other communications (or summary of communications) obtained from HS2;

(5) Utilizing any materials created or generated by HS2; and

(6) Using or disclosing any information they may have intercepted from HS2.

### **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction to enforce the permanent injunction included in this judgment, as well as to consider any post-trial motions to increase damages or award attorneys' fees.

HS2 is permitted to engage in post-judgment discovery to ensure compliance with the Permanent Injunction.

**IT IS SO ORDERED.**

DATED: April 6, 2020

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE